# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANTHONY P. BUDA,**

    **Plaintiff,**

    v.                                                            Case No. 14-CV-371

**DAVID CLARKE,**

    **Defendant.**

## SCREENING ORDER

The plaintiff, who is confined at the Milwaukee County Jail, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $6.33.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at

327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff is a pretrial detainee at the Milwaukee County Jail. He is suing Milwaukee County Sheriff David Clarke.

Plaintiff alleges that the conditions of confinement at the Milwaukee County Jail violate the United States Constitution and Wisconsin state law. Specifically, he alleges that he is forced to walk around without shoes which is causing deformities and pain in his feet. Plaintiff further alleges that the visiting monitors are non-operational which prevents visual contact with visitors. In addition, he states that the food at the Jail is unappetizing, lacks nutrition, does not have adequate temperature, and is designed to punish. Lastly, plaintiff asserts that there is no active legal law library for Jail inmates. He seeks monetary damages and injunctive relief.

Attached to the complaint are several Milwaukee County Sheriff's Office Grievance Response forms which indicate that plaintiff filed grievances regarding the above-identified issues and includes a response from a "Reviewing Officer." I consider these grievances as a part of the complaint. See Fed. R. Civ. P. 10(c).

The first form states as reason for grievance, "Inmate states that he has written requests for case law and Pro Se information and has been disregarded completely." The Response states, "When submitting any information for case law you must submit it to the Law Library. This information mus be listed on the inmate request." Plaintiff's allegations may be construed as an attempt to bring a denial of access to the courts claim. However, the grievance form indicates that requests for case law must be submitted to the Jail's law library. In any event, plaintiff does not allege that he suffered any injury in a non-frivolous case. Thus, he may not proceed on a claim based on these allegations. See Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009); Marshall v. Knight, 445 F.3d 965, 969 (7th Cir. 2006).

The second grievance form states, "Reason: Due to the visiting monitors being down inmate claims that this is causing him psychological problems for himself and his family." The Response states: "The visiting booths are being looked into and will be fixed as soon as possible. If you are having psych issues you can request to speak with a social worker by filling out a pink slip." There is no clear and unqualified constitutional right to jail visitation. See Davis v. Milwaukee Cnty., 225 F. Supp. 2d 967, 974 (E.D. Wis. 2002) (citing Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989); Block v. Rutherford, 468 U.S. 576, 588 (1984). Plaintiff's allegations that contact visitation was not feasible because the visiting booth were temporarily out of order does not state a claim for violation of his constitutional rights.

The third form states as reason for grievance,"Inmate claims that the food is non appetizing, non nutritional. And is effecting him." The Response states, "All food is prepared by Aramark and checked for nutritious value. If you need to be seen by medical

staff you must fill out a pink and white slip." A prisoner's diet must provide adequate nutrition, see Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996), but prison officials cannot be held liable unless the prisoner shows both an objectively serious risk of harm and that the officials knew about it and could have prevented it but did not. See Mays v. Springborn, 575 F.3d 643, 648 (7th Cir. 2009) (citing Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008)). Plaintiff does not allege that the unappetizing Jail food endangered his health and, therefore, he may not proceed on a claim. See Jaros v. Illinois Dep't of Corr., 684 F.3d 667, 670-71 (7th Cir. 2012).

The fourth grievance form states, "Reason: Inmate claims that he is forced to walk around without shoes and this is causing his feet to be deformed and is causing back pain." The Response states, "If you have any medical issues you must fill out a pink and white slip to be seen by medical." Plaintiff's complaint arises under the Fourteenth Amendment's due process clause (because he was a pretrial detainee), but the court uses Eighth Amendment case law as a guide in evaluating his claims. See Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 664 (7th Cir. 2012). Jail officials violate the Eighth Amendment if they are deliberately indifferent to adverse conditions that deny "the minimal civilized measure of life's necessities," Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citation omitted). To plead an Eighth Amendment claim for unconstitutional conditions of confinement, an inmate need only allege that prison officials knowingly denied him "the minimal civilized measure of life's necessities." Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999) (internal quotation marks and citation omitted). Those necessities include adequate shelter, clothing, and hygiene items. See Gillis v. Litscher, 468 F.3d 488, 493

5

(7th Cir. 2006).  At this stage, plaintiff may proceed on a conditions of confinement based on allegations that he was not provided shoes at the Jail which caused harm.

In sum, plaintiff may proceed on a Fourteenth Amendment conditions of confinement claim against defendant Clarke in his official capacity.  Plaintiff does not state a claim based on his other allegations and I do not discern a claim under state law.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.  The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service.  28 U.S.C. § 1921(a).  The current fee for waiver-of-service packages is $8.00 per item mailed.  The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3).  Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the custodian of plaintiff's trust account shall collect from plaintiff's prison trust account the $343.67 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the

preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff, to Maricela Castillo and Mary Wenten, House of Corrections, 8885 South 68th Street, Franklin, Wisconsin, 53132, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify

the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge